IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERICO GOMEZ,<br><br>   Petitioner,<br><br>v.<br><br>UTAH BD. OF PARDONS & PAROLE et al.,<br><br>   Respondents. | **MEMORANDUM DECISION &**<br>**ORDER TO SHOW CAUSE**<br><br>Case No. 4:18-CV-20-DN<br><br>District Judge David Nuffer |

  Petitioner, Federico Gomez, seeks habeas-corpus relief under 28 U.S.C.S. § 2241, 2254 (2019).

## BACKGROUND

- February 28, 1995   Petitioner sentenced to one-to-fifteen years on sexual-abuse-of-child conviction and fifteen-years-to life on child-rape conviction. (Doc. No. 14-4, at 34; 14-6, at 4.)

- August 11, 2008   Utah Board of Pardons and Parole (BOP) set parole date for Petitioner of August 19, 2014. (Doc. No. 14-7, at 2.) Order stated, "[D]ecision is subject to review and modification by [BOP] at any time until actual release from custody." (*Id*.)

- April 24, 2014   BOP Special Attention Review hearing. (Doc. No. 14-9, at 2.)

- June 4, 2014   BOP order filed rescinding parole date and requiring life sentence be expired. (*Id*.)

- September 25, 2014   Petitioner filed state petition for extraordinary relief, challenging BOP's decision rescinding parole and requiring life-sentence expiration. (Doc. No. 14-14, at 71.)

- January 6, 2015   State petition for extraordinary relief dismissed. (*Id*. at 81-82.)

- March 18, 2015   Petitioner files state post-conviction-relief (SPCR) application. (Doc. No. 14-18, at 4.)

- December 16, 2016 Petitioner's SPCR application denied. (Doc. No. 14-15, at 2.)

- October 27, 2017 Denial of SPCR affirmed by Utah Court of Appeals (UCOA). *Gomez v. State*, No. 20160973-CA (Utah Ct. App. 2017).

- January 23, 2018 Denial of petition for certiorari review of UCOA decision. *Gomez v. State*, No. 20170899-SC (Utah 2018).

- April 27, 2018 Filing of this federal habeas petition. (Doc. No. 1.)

Having thoroughly reviewed Petitioner's petition and exhibits, (Doc. No. 9), the Court distills Petitioner's arguments to these: (1) Utah's indeterminate sentencing system is unconstitutional, on its face and as applied; and (2) BOP violated his federal and state constitutional rights by deciding that Petitioner shall expire his life sentence. Respondents move for dismissal, based on period of limitation and procedural default. (Doc. No. 14.)

**ANALYSIS**

Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2019). 2241 petitions "are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted).

**1. Constitutionality of Indeterminate-Sentencing Scheme**

Respondent raises issues of unconstitutionality of his sentence vis-à-vis Utah's indeterminate sentencing scheme. However, Utah's indeterminate sentencing scheme has been ruled to be constitutional. *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009).

### 2. Utah Constitution

Petitioner asserts BOP breached the Utah Constitution in determining that he shall serve out his life sentence. *See, e.g.,* Utah Const. art. 7, § 12; *Neese v. Utah Bd. of Pardons & Parole*, 2017 UT 89; *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (Utah 1993). The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

The Supreme Court has repeatedly emphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68 (citing 28 U.S.C.S § 2241 (2019)). Thus, any of Petitioner's claims--based on alleged violations of state law--do not raise federal challenges; federal habeas review of state-law-based claims is therefore unwarranted. *See Larson v. Patterson,* 2:09-CV-989-PMW, 2011 U.S. Dist. LEXIS 3831, *5-6, 2011 WL 129485 (D. Utah Jan. 14, 2011) ("Petitioner's first argument that the trial court should have . . . dismissed the charges against him is based entirely on state law. . . . Therefore, this Court will not further consider this state-law-based argument."); *see also Scott v. Murphy*, 343 F. App'x 338, 340 (10th Cir. 2009) (rejecting petitioner's . . . claim that "involve[d] purely matters of state law.").

### 3. Federal Constitution

Petitioner's argues that BOP's decision that he must serve out his life sentence violates the Federal Constitution. Fatal to this § 2241 habeas claim, Petitioner does not say how any of

3

his related bald allegations show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2019).

Utah's indeterminate sentencing regime leaves BOP to decide within that term just how long Petitioner will serve. *See Baker v. Utah Bd. of Pardons and Parole*, No. 2:16-CV-756 DN, 2019 U.S. Dist. LEXIS 72931, at *5-6, 2019 WL 1896578 (D. Utah Apr. 29, 2019).

Petitioner should keep in mind that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a federal constitutional right. *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Moreover, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). And, again, Utah's indeterminate sentencing scheme has been ruled to be constitutional. *Straley*, 582 F.3d at 1213.

## CONCLUSION

The petition does not successfully argue that the Petitioner's sentence--either when imposed or in execution--violates the United States Constitution.

**IT IS THEREFORE ORDERED** that Petitioner must within fourteen days **SHOW CAUSE** why the petition should not be **DENIED** based on the above analysis.

**IT IS FURTHER ORDERED** that Respondent must, within seven days of receiving Petitioner's response, file a reply.

DATED this 26th day of February, 2020.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court