IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERICO GOMEZ,<br><br>               Petitioner,<br><br>v.<br><br>UTAH BD. OF PARDONS & PAROLE et al.,<br><br>               Respondents. | **MEMORANDUM DECISION & ORDER GRANTING POST-JUDGMENT MOTION, VACATING DISMISSAL ORDER, & DENYING HABEAS RELIEF**<br><br>Case No. 4:18-CV-20 DN<br><br>District Judge David Nuffer |

On February 26, 2020, in an order to show cause why this petition should not be denied, the Court distilled Petitioner's habeas arguments as follows: (1) Utah's indeterminate sentencing system is unconstitutional; and (2) Utah Board of Pardons and Parole (UBOP) violated his federal and state constitutional rights by deciding that Petitioner shall expire his life sentence. (ECF No. 17, at 2.) On March 18, 2020, stating, "Petitioner has not responded as required," the Court dismissed this action on the basis of failure to state a claim upon which relief may be granted. (ECF No. 19.)

A docketing glitch resulted in Order to Dismiss, (*id.*), being entered two days after Petitioner's Memorandum Explaining Why the Case Should Not Be Dismissed, (ECF No. 18). Petitioner has since filed Rule 60(a) Motion to Correct an Oversight by the Court. (ECF No. 21.) The Court grants Petitioner's motion, (*id.*), and vacates Order to Dismiss, (ECF No. 19), so that it may properly assess Petitioner's responsive memorandum, (ECF No. 18), to Order to Show Cause, (ECF No. 17).

In his memorandum, Petitioner argues that, under Utah Code Ann. § 77-27-5(3) (2021) ("Decisions of the board in cases involving parole[], . . . are final and are not subject to judicial review."), UBOP's August 11, 2008 order (original order) setting Petitioner's parole date for August 19, 2014 could not later be changed by UBOP. (ECF No. 18.) Thus, by UBOP's follow-up order, on June 4, 2014, rescinding his parole date and requiring him to serve out his life sentence, Petitioner contends UBOP violated state statute requiring that UBOP's original order was "final." (*Id.* at 2.) Petitioner asserts this, despite UBOP's original order stating, "[D]ecision is subject to review and modification by [UBOP] at any time until actual release from custody." (ECF No. 14-7, at 2.)

Petitioner's argument warrants several responses: First, § 77-27-5(3) is treated in Utah case law as setting forth finality for judicial-review purposes, not to decree in cement every UBOP decision, even as UBOP continues to weigh the information available to it at each ensuing parole-review milestone and hearing. *E.g., Foote v. Utah Bd. of Pardons*, 808 P.2d 734, 735 (Utah 1991) (discussing "right of appeal" and "judicial review"). Second, UBOP explicitly stated that its original order was not final. (ECF No. 14-7, at 2.) Finally, federal habeas petitions trigger only reviews of potential federal-law violations, not state statutory violations. 28 U.S.C.S. § 2241(c)(3)(2021) ("The Writ of habeas corpus shall not extend to a prisoner unless [h]e is in violation of the Constitution or treaties of the United States.").

Also in his memorandum, Petitioner maintains that three cases, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009); *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994), cited by the Court in Order to Show Cause are inapposite here. (ECF No. 18, at 4.)

He differentiates *Greenholtz* by calling Utah's sentencing and parole system "bifurcated," meaning UBOP "set[s] the initial term of incarceration" (for instance when UBOP set an August 19, 2014 parole date for Petitioner in its August 11, 2008 order, (ECF No. 17, at 1)). (ECF No. 18, at 3.) However, Petitioner misunderstands: UBOP does not set the initial term of incarceration; in Utah, the initial term of incarceration is set at sentencing in the trial court. Thus, Petitioner's "initial term of incarceration" is "one-to-fifteen years on sexual abuse-of-child conviction and fifteen-years-to-life on child-rape conviction." (ECF No. 17, at 1.) *Greenholtz* very much does apply here to say that--under the Federal Constitution-- "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. The Federal Constitution therefore does not in any way offer Petitioner the relief of parole at any time before the expiration of his sentence, which is right up until the end of his life.

Meanwhile, Petitioner tries to distinguish *Straley* from his case by pointing out that "*Straley* had been given several [parole dates], and kept violating his parole." (ECF No. 18, at 4.) But the Court cited *Straley* for its holding that Utah's indeterminate sentencing scheme is constitutional, (ECF No. 17, at 4 (citing *Straley*, 582 F.3d at 1213)); this would stand regardless of any number of parole dates recommended or not recommended, or paroles violated or not violated.

As to *Malek*, Petitioner argues its inapplicability because "Malek had not been given a parole date and then had it withdrawn." (ECF No. 18, at 4.) Whether or not Malek had an original parole date that was later withdrawn (before parole began), the Court cited *Malek* for the proposition that it is well established that the Utah parole statute does not create a liberty interest

entitling prisoner to federal constitutional protection. (ECF No. 17, at 4 (citing *Malek*, 26 F.3d at 1016).) And that proposition remains valid, no matter whether a parole date is suggested and withdrawn before parole begins.

## ORDER

**IT IS ORDERED** that:

(1) Petitioner's motion for relief from judgment is **GRANTED**. (ECF No. 21.)

(2) Order to Dismiss, (ECF No. 19), and Judgment, (ECF No. 20), are **VACATED**.

(3) Based on the analysis found in Order to Show Cause, (ECF No. 17), evaluated together with Petitioner's opposition memorandum, (ECF No. 18), this habeas petition is **DENIED**.

(4) A certificate of appealability is **DENIED**.

Dated May 17, 2021.

BY THE COURT:

David Nuffer
United States District Judge